CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 12 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 7:12CR00043 |
| | (CASE NO. 7:14CV80757) |
| v. | **MEMORANDUM OPINION** |
| DAVID ANTHONY TAYLOR, | **By: Hon. Glen E. Conrad** |
| Defendant. | **Chief United States District Judge** |

David Anthony Taylor, a federal inmate proceeding pro se, filed a pleading that he styled as a "POST CONVICTION RELIEF TO VACATE CONVICTION." Based on the nature of his claims, the court construed and docketed his submission conditionally as his initial § 2255 motion. Because Taylor has not responded to the conditional filing order entered in this case, the court now dismisses the § 2255 action without prejudice.

A district court must offer the defendant an opportunity to elect whether or not he objects to the court's stated intention to address his post-conviction motion as a § 2255 action. See Castro v. United States, 540 U.S. 375 (2003). In deciding whether or not to object to the court's construction of his submission as a § 2255, the defendant should consider particularly § 2255(f) (setting time limit for defendant to file a § 2255 motion) and § 2255(h) (limiting defendant's ability to file second § 2255).

In this case, the court notified Taylor that his motion had been construed as a § 2255 motion, advised him of the statute of limitations and successive petition provisions of that statute, and gave him two options: (1) to submit his written object to the court's construction of his submission as a § 2255 motion, or (2) to elect to proceed under § 2255 by filing a properly executed § 2255 motion. The court also advised Taylor that if he failed to respond to the order,

either by objecting or by submitting a proper § 2255 motion, the conditionally filed § 2255 motion would be dismissed without prejudice.

Taylor's response time has elapsed, and he has had no further communication with the court. Because he has neither objected to, nor adopted, the conditional construction of his submission as a § 2255 motion, his § 2255 motion will be dismissed without prejudice. Taylor's motion as originally styled must also be denied. This court may grant the sort of relief he requests under the authority of § 2255, and Taylor has not elected to pursue his claims under that statute. Accordingly, his motion must be denied. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This _12th_ day of August, 2014.

_____
Chief United States District Judge