CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 17 2017

JULIA C. DUDLEY, CLERK
BY: _____
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:12CR00043 |
| | ) | (Civil Action No. 7:17CV81229) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DAVID ANTHONY TAYLOR, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

Defendant David Taylor, a federal inmate proceeding pro se, moved to partially vacate, set aside, and correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, and Taylor responded. As the court concludes that Taylor's claims lack merit, the government's motion to dismiss will be granted.

### Background

A jury convicted Taylor for robbing two marijuana dealers on August 27 and October 21, 2009. Both the United States Court of Appeals for the Fourth Circuit and the United States Supreme Court affirmed Taylor's convictions. See United States v. Taylor, 754 F.3d 217 (4th Cir. 2014), aff'd __ U.S. __, 136 S. Ct. 2074 (2016).[1] As summarized in the Fourth Circuit's opinion, Taylor participated in these two armed robberies as a member of a Roanoke-based gang, the "Southwest Goonz." The Goonz targeted drug dealers as they were more likely to possess large amounts of cash and drugs in their homes and less likely to report robberies to the police.

During the August robbery, Taylor and three other Goonz gang members broke into the home of Josh Whorley and his girlfriend, Latasha Graham. After "Taylor hit Graham in the head with his pistol, groped her, and clawed the rings off her fingers," the Goonz only "made off with Graham's jewelry, $40 from her purse, two cell phones, and a marijuana cigarette." Id. at 220.

---

[1] See also United States v. Taylor, __ U.S. __, 136 S. Ct. 2074 (2016) (holding that Hobbs Act robbery's requisite commerce element is satisfied with proof that defendant robbed or attempted to rob a marijuana dealer of drugs or drug proceeds that were sourced intrastate).

Two months later, in October 2009, Taylor and two other Goonz members robbed the home of another marijuana dealer, William Lynch, who lived with his wife and their three children. "Taylor initiated the robbery by knocking on the front door" and entering the home first. Id. at 220-21. "Once inside, Taylor held Lynch and his six-year-old son at gunpoint in the living room, while another robber forced Lynch's nine-year-old daughter from her bedroom into the living room." Id. at 221. The third robber "dragged [Lynch's wife] into the living room by her hair." Id. Taylor and the Goonz eventually departed after only stealing a cell phone.

On July 26, 2012, a grand jury indicted Taylor on four counts. See Superseding Indictment, Docket No. 22. Counts Two and Four charged Taylor with violating 18 U.S.C. § 924(c), which imposes a mandatory consecutive sentence for using or carrying a firearm in relation to a "crime of violence." Counts One and Three, which accused Taylor of violating the Hobbs Act, 18 U.S.C. § 1951(a), served as the requisite underlying "crime of violence" for Counts Two and Four, respectively.

Taylor pled not guilty to all four counts. After the first trial resulted in a hung jury, a second trial was held on January 23-25, 2013. As a result of the second trial, a jury convicted Taylor of Counts One, Three, and Four. See Special Verdict Form, Docket No. 119. This court sentenced Taylor to a term of incarceration of 336 months. See Sentencing, Docket No. 134.

After the Fourth Circuit and United States Supreme Court rejected Taylor's challenges to Counts One and Three, Taylor now disputes Count Four pursuant to 28 U.S.C. § 2255. Taylor filed his § 2255 motion with this court on February 13, 2017. Since the United States Supreme Court affirmed Taylor's convictions on June 20, 2016, Taylor's subsequent § 2255 motion was timely filed. See 28 U.S.C. § 2255(f)(1). Accordingly, this matter is ripe for disposition.

## Discussion

For the reasons that follow, the court will dismiss Taylor's § 2255 motion and affirm his Count Four conviction as Taylor violated § 924(c) by using a firearm during a violent crime.

To state a viable claim for relief under § 2255, a movant must show that his sentence is "subject to collateral attack" or was imposed either without proper jurisdiction; "in violation of the Constitution or laws of the United States"; or in excess of "the maximum authorized by law." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

To sustain a conviction under § 924(c), the government must prove that the defendant used or carried a firearm during and in relation to an underlying "crime of violence." See United States v. Fuertes, 805 F.3d 485, 497 (4th Cir. 2015). Here, Taylor was convicted under § 924(c) for violating the Hobbs Act. The Hobbs Act allows for the fining and imprisonment of anyone who affects or obstructs commerce "by robbery or extortion or attempts or conspires so to do, or [who] commits or threatens physical violence to any person or property in furtherance of a plan or purpose" to do so. 18 U.S.C. § 1951(a). In other words, an individual can be convicted under the Hobbs Act for "robbery," as defined under § 1951(b)(1); "extortion," as defined under § 1951(b)(2); and/or "attempt" or "conspiracy" to commit robbery or extortion.

In the current matter, Taylor asserts that he was convicted of conspiracy to commit Hobbs Act robbery, which he claims is not a "crime of violence" under § 924(c). Although the Fourth Circuit has addressed a few similar issues,[2] there appears to be no binding[3] precedent

---

[2] Notably, in United States v. White, the Fourth Circuit held that conspiracy to commit common law robbery with a dangerous weapon is a "crime of violence" under the residual clause of § 924(e) because agreeing to achieve a violent objective "presents an immediate, serious, and foreseeable physical risk." 571 F.3d 365, 371 (4th Cir. 2009).
[3] Although not binding on this court, at least two district courts have recently addressed this identical issue. See United States v. Luong, No. 2:99-00433, 2016 U.S. Dist. LEXIS 53151, at *9, 2016 WL 1588495, at *3 (E.D. Cal. April 20, 2016) (holding that conspiracy to commit Hobbs Act robbery is not a "crime of violence under" § 924(c)); United States v. Edmundson, 153 F. Supp. 3d 857, 861 (D. Md. 2015) (same).

regarding whether conspiracy to commit Hobbs Act robbery qualifies as a "crime of violence" to sustain a § 924(c) conviction. However, it is unnecessary to decide this first impression issue as the record clearly reflects that Taylor was convicted of the substantive offense of Hobbs Act robbery rather than the related offense of conspiracy to commit Hobbs Act robbery.

In sum, Taylor's § 2255 motion requires the court to (1) clarify the nature of Taylor's Hobbs Act convictions (Counts One and Three); and (2) assess whether Taylor's Hobbs Act violation constitutes a "crime of violence" to support his § 924(c) conviction (Count Four).

## I.    Clarifying the Nature of Taylor's Hobbs Act Convictions

As a threshold matter, although Taylor claims that he was convicted of conspiracy to commit Hobbs Act robbery, he was convicted of the substantive offense of Hobbs Act robbery.

Hobbs Act robbery requires proof "(1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the wrongful use of actual or threatened force, violence or fear or under color of official right; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce." United States v. Reed, 780 F.3d 260, 271 (4th Cir. 2015) (citations and internal quotation marks omitted). Unlike actual Hobbs Act robbery or attempt to commit Hobbs Act robbery, conspiracy to commit Hobbs Act robbery does not require proof that the defendant "took a 'substantial step' towards the commission of the [robbery]." United States v. Dennis, No. 11-141, 2013 U.S. Dist. LEXIS 26991, at *21, 2013 WL 704482, at *7 (D. Mont. Feb. 27, 2013), aff'd 569 Fed. App'x 533 (9th Cir. 2014) (quoting United States v. Nelson, 66 F.3d 1036, 1044 (9th Cir. 1995)). Instead, conspiracy to commit Hobbs Act robbery only requires proof that "the defendant agreed with at least one other person to commit acts that would satisfy the above three elements." United States v. Donahue, 607 Fed. App'x 233, 235 (4th Cir. 2015). In other words, conspiracy to commit Hobbs Act robbery is

4

distinguishable from the substantive offense of Hobbs Act robbery because conspiracy does not require proof that the defendant actually coerced, threatened, or used physical force against a victim in a manner that affected interstate commerce. Conspiracy to commit Hobbs Act robbery merely requires proof that the defendant and at least one other person agreed to do so.

Here, Taylor asserts that he was convicted of conspiracy to commit Hobbs Act robbery. To support this claim, Taylor relies entirely on the judgment this court entered against him on April 24, 2013 ("the Judgment"). See Judgment, Docket No. 135. The Judgment states that Taylor was found guilty of two counts of "Conspiracy to Interfere With Commerce by Threats or Violence," in violation of 18 U.S.C. § 1951(a); and of one count of "Possess[ing] and Brandish[ing] [a] Firearm in Furtherance of a Crime of Violence," in violation of 18 U.S.C. § 924(c). See id. (emphasis added). The government does not respond to this claim.

Although the Judgment inaccurately uses the term "conspiracy" to describe Taylor's § 1951(a) convictions, the record overwhelmingly demonstrates that Taylor was convicted and sentenced for committing the substantive offense of Hobbs Act robbery rather than conspiracy to commit Hobbs Act robbery. First, the court's instructions and verdict form prove that the jury convicted Taylor of actual Hobbs Act robbery. As noted above, an individual may be convicted for conspiring to commit Hobbs Act robbery if he or she agrees with at least one other person to eventually commit the three necessary elements of Hobbs Act robbery. However, here, the jury instructions and verdict form conspicuously omitted conspiracy's requisite agreement element.[4] See Closing Instructions 13-15, Docket No. 155; Special Verdict Form, Docket No. 119. Moreover, the jury instructions and verdict form tasked the government with proving that Taylor

---

[4] Cf. United States v. Johnson, 600 Fed. App'x 872, 873, 876-77 (4th Cir. 2015) (holding that the district court committed reversible error by failing to instruct the jury regarding the required elements to convict the defendant of conspiracy to commit Hobbs Act robbery).

actually committed the three elements required to prove the substantive offense of Hobbs Act robbery. This level of proof would have been unnecessary to convict Taylor of the related charge of conspiracy to commit Hobbs Act robbery. Thus, as evidenced by the jury instructions and verdict form, the jury convicted Taylor of actual Hobbs Act robbery.

Second, the record also shows that Taylor was sentenced for committing the substantive offense of Hobbs Act robbery. "Although a court speaks through its judgments and orders, in criminal cases, the general rule is that the oral pronouncement of the sentence . . . and all other record facts" govern if they contradict the written judgment. United States v. Duncan, 38 Fed. App'x 128, 129 (4th Cir. 2002) (internal citations omitted) (affirming defendant's conviction regardless of the judgment's clerical error as "all record facts indicate that [the defendant] was charged with, plead guilty to, and was sentenced for a violation of 18 U.S.C.A. § 924(c), except for the criminal judgment."). During the sentencing hearing in the current matter, this court omitted any reference to "conspiracy" in its oral recitation of Taylor's convictions.[5] In sum, the record clearly reflects that Taylor was convicted and sentenced for committing actual Hobbs Act robbery rather than the related charge of conspiracy to commit Hobbs Act robbery.

Moreover, although the Judgment's use of the term "conspiracy" to describe Taylor's § 1951(a) convictions is admittedly a typographical error, the oversight is negligible as the current matter is sufficiently similar to United States v. Rattler, 237 Fed. App'x 794 (4th Cir. 2007). In Rattler, the Fourth Circuit affirmed defendant's conviction, even though the

---

[5] To open Taylor's sentencing hearing on April 23, 2013, this court noted:

> The record of the Court reflects that Mr. Taylor was previously here, pursued his criminal case to trial, was convicted on three counts by a jury: Count One, interference with commerce by threats or violence, Hobbs Act robbery, 18 U.S.C. Section 1951(a); Count Three, the same, interference with commerce by threats or violence, 18 U.S.C. Section 1951(a); Count Four, possessing and brandishing a firearm in furtherance of a crime of violence.

Sentencing Tr. 3:7-14, Docket No. 162.

indictment and judgment cited the incorrect statutory subsection, because the defendant was not prejudiced or misled as the government's evidence and the jury instructions accurately reflected the elements of the correct statutory subsection.  See id. at 796-97.  Although remand was necessary to correct the judgment, the Rattler Court emphasized that "[t]his correction, of course, will have no effect on [the defendant's] term of imprisonment, or term of supervised release, nor will it restart the limitations period for filing a motion under 28 U.S.C. § 2255."  Id. at 796.

Here, similar to the inconsequential clerical error made in Rattler, Taylor was not prejudiced or misled by a typographical error made in his post-conviction Judgment because, as previously discussed, the record clearly demonstrates that Taylor was convicted and sentenced for committing the substantive offense of Hobbs Act robbery rather than the related offense of conspiracy to commit Hobbs Act robbery.[6]  Nevertheless, as Federal Rules of Criminal Procedure 36 permits courts to correct typographical errors made in judgments, the court will direct the Clerk to prepare an amended judgment, which refrains from using the term "conspiracy" to describe Taylor's § 1951(a) convictions.

## II.    Assessing the Validity of Taylor's § 924(c) Conviction

Having explained that Taylor was convicted of actual Hobbs Act robbery (Counts One and Three), the court will now address the merits of Taylor's motion to vacate his § 924(c) conviction (Count Four).  As previously mentioned, § 924(c) convictions require proof that the defendant used or carried a firearm during and in relation to an underlying "crime of violence." See Fuertes, 805 F.3d at 497.  A "crime of violence" is any felony that:

---

[6] Additionally, the jury's and Taylor's observations during trial would have further clarified any confusion, especially since they witnessed defense counsel make several objections to trial testimony that went beyond the scope of Taylor's Hobbs Act robbery charges.  See Trial Tr. vol. 1, 98:7-9, Jan. 23, 2013, Docket No. 159 ("The government could have charged [Taylor] with conspiracy and did not.  He is not charged with conspiracy.  He is charged with two distinct counts [of Hobbs Act robbery].");  see also id. at 97:17-18, 115:20, 120:25-121:1.

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection 924(c)(3)(A) is commonly referred to as the "force clause," and subsection 924(c)(3)(B) is known as the "residual clause." <u>Fuertes</u>, 805 F.3d at 298. The determination of whether a particular criminal offense qualifies as a "crime of violence," under § 924(c)(3), is a question of law. <u>United States v. Evans</u>, 848 F.3d 242, 245 (4th Cir. 2017). In the current matter, Taylor moves to vacate his § 924(c) conviction (Count Four) on the basis that he is not implicated under either the requisite force or residual clauses of § 924(c)(3).

### A.    The Force Clause of § 924(c)(3)

In seeking to vacate his § 924(c) conviction, Taylor first argues that his Hobbs Act violation does not categorically qualify as a "crime of violence," as defined under § 924(c)(3)'s force clause. "Because the force clause of Section 924(c)(3) encompasses only crimes that have '<u>as an element</u> the use, attempted use, or threatened use of physical force,' . . . [courts] apply the elements-based categorical approach articulated by the Supreme Court to decide whether the [underlying crime] satisfies this statutory definition." <u>Evans</u>, 848 F.3d at 245 (quoting 18 U.S.C. § 924(c)(3)(A)) (emphasis added in original). In other words, "[i]f any one of the available means of violating the statute is non-violent, under the categorical approach[,] the offense is not a crime of violence within the meaning of the force clause irrespective of the defendant's actual conduct." <u>United States v. Naughton</u>, 621 Fed. App'x 170, 177-78 (4th Cir. 2015) (citing <u>Descamps v. United States</u>, __ U.S. __, __, 133 S. Ct. 2276, 2285-86 (2013)).

Here, the court has clarified that Taylor was convicted of actual Hobbs Act robbery. Therefore, applying the categorical approach to the current matter, the issue becomes whether

Hobbs Act robbery "necessarily require[s] the use, attempted use, or threatened use of violent physical force." Evans, 848 F.3d at 246; see also id. at 245 (quoting Johnson v. United States, 559 U.S. 133, 140 (2010)) (noting that § 924(c)(3)(A)'s "statutory phrase 'physical force' requires the use of 'violent force,' which necessarily 'connotes a substantial degree of force'").

In similar cases, this court has held that "Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)(3)(A)." United States v. Mathis, No. 3:14CR00016, 2015 U.S. Dist. LEXIS 180610, at *12, 2016 WL 8285758, at *4 (W.D. Va. Jan. 25, 2016) (Conrad, C.J.); accord United States v. Tyree, No. 3:16CR00022, 2016 U.S. Dist. LEXIS 178295, at *13, 2016 WL 7441715, at *4 (W.D. Va. Dec. 23, 2016) (Conrad, C.J.). Moreover, this court's conclusion that Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)(3)'s force clause is well supported in other jurisdictions.[7] See, e.g., United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017); United States v. Buck, 847 F.3d 267, 275 (5th Cir. 2017); United States v. Moreno, 665 Fed. App'x 678, 681 (10th Cir. 2016); United States v. Hill, 832 F.3d 135, 137 (2d Cir. 2016); United States v. Howard, 650 Fed. App'x 466, 468 (9th Cir. 2016); In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016).

Consistent with identical holdings from this court and persuasive authority from other jurisdictions, the court now holds that Hobbs Act robbery is categorically a crime of violence under the force clause of § 924(c)(3). Thus, Taylor's Hobbs Act robbery conviction (Count Three) properly serves as the predicate offense to support his § 924(c) conviction (Count Four).

---

[7] Although the United States Supreme Court has not addressed whether Hobbs Act robbery qualifies as a predicate offense under § 924(c), it recently held that courts may consider the mandatory consecutive sentence imposed under § 924(c) when calculating the sentence for the predicate offense(s). See Dean v. United States, __ U.S. __, __, 137 S. Ct. 1170, 1176-77 (2017). In so holding, the Dean Court noted that "[t]here is no dispute that [the defendant's] two robbery convictions qualified as predicate crimes of violence for purposes of § 924(c)." Id. at 1174.

**B.      The Residual Clause of § 924(c)(3)**

Finally, Taylor alternatively argues that he is not implicated by the residual clause of § 924(c)(3), which provides an alternative definition for what constitutes a "crime of violence" to support a § 924(c) conviction. Taylor claims that the residual clause of § 924(c)(3) is void for vagueness as it is materially indistinguishable from the Armed Career Criminal Act's residual clause, 18 U.S.C. § 924(e)(2)(B), which the United States Supreme Court struck down as unconstitutionally vague in Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015).

However, in the current matter, the court need not address Taylor's challenge to the constitutionality of the residual clause of § 924(c)(3) because the court has already held that the substantive offense of Hobbs Act robbery qualifies as a "crime of violence" under the force clause of § 924(c)(3). Thus, as Taylor's sentence would be valid even if the residual clause of § 924(c)(3) were unconstitutionally vague, it is unnecessary to address this issue. See Burton v. United States, 196 U.S. 283, 295 (1905) ("It is not the habit of this court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

## Conclusion

In sum, the court will affirm Taylor's Count Four conviction and sentence because Taylor was convicted of actual Hobbs Act robbery, which is categorically a "crime of violence" under the force clause of § 924(c)(3). Accordingly, the court will dismiss Taylor's § 2255 motion.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to defendant and all counsel of record.

ENTER:      This 17th day of July, 2017.

_____
United States District Judge