CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 4 2017

JULIA E. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:12CR00043 |
| | ) | (Civil Action No. 7:17CV81229) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DAVID ANTHONY TAYLOR, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

David Anthony Taylor, a federal inmate proceeding pro se, previously moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. By memorandum opinion and order entered July 17, 2017, the court granted the government's motion to dismiss. Taylor has now filed a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure and a motion to amend his motion for reconsideration. For the following reasons, the motion to amend will be granted and the amended motion for reconsideration will be denied.

**Background**

On February 13, 2017, Taylor filed a § 2255 petition, challenging his conviction for possession of a firearm in relation to a crime of violence under 18 U.S.C. § 924(c). Taylor argued that conspiracy to commit Hobbs Act robbery is not a predicate crime of violence to sustain such a conviction.

In granting the government's motion to dismiss, the court noted that Taylor's judgment contained an error (the "Judgment"). It mistakenly reflected that Taylor was convicted of conspiracy to commit Hobbs Act robbery. Upon review of the record, including the jury instructions, the verdict sheet, statements made by counsel during trial, and statements made by the court at sentencing, the court concluded that Taylor was instead convicted of the substantive

offense of Hobbs Act robbery. See United States v. Taylor, 7:17CV81229, 2017 U.S. Dist. LEXIS 110132, at *8-10 (W.D. Va. July 17, 2017). As such, the court directed the Clerk to amend the Judgment to reflect the correct conviction pursuant to Federal Rule of Criminal Procedure 36. Id. at *10. Taylor now asks, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, that the court alter or amend its final order granting the government's motion to dismiss. Taylor further asks that the court grant him leave to amend his motion for reconsideration and has submitted an amended motion.[1]

## **Standard of Review**

Rule 59(e) provides that a court may, in its discretion, alter or amend a judgment. See Fed. R. Civ. P. 59(e); Robinson v. Wix Filtration Corp., 599 F.3d 403, 433 (4th Cir. 2010) (noting that motions to alter or amend final judgments under Rule 59(e) are discretionary). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending a judgment under this rule: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) motions "are not at the disposal of an unsuccessful party to 'rehash' the same arguments and facts previously presented." Rouse v. Nielsen, 851 F. Supp. 717, 734 (D.S.C. 1994) (quoting Keyes v. Nat'l R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991)). Reconsideration "is an extraordinary remedy that should be applied sparingly." Mayfield v. NASCAR, Inc., 674 F.3d 369, 378 (4th Cir. 2012).

---

[1] The court will grant Taylor's motion to amend his motion for reconsideration, and construes the amended motion as supplemental briefing to his original motion for reconsideration.

## Discussion

In the original motion for reconsideration, Taylor asks the court to amend or alter its final order granting the government's motion to dismiss for three reasons: (1) because Taylor relied on the error in the Judgment, (2) because the court should have alerted Taylor about the error prior to dismissing his § 2255 petition, and (3) because the court should retroactively apply the holding of <u>Dean v. United States</u>, 137 S. Ct. 1170 (2017) to Taylor's case. In his amended motion for reconsideration, Taylor argues that the court should vacate its order dismissing Taylor's § 2255 petition and stay further proceedings pending a decision by the United States Court of Appeals for the Fourth Circuit in <u>United States v. Ali</u>, Appeal No. 15-322. <u>United States v. Ali</u> is currently being held in abeyance pending the Supreme Court's decision in <u>Dimaya v. Sessions</u>, 803 F.3d 110 (9th Cir. 2015), <u>cert. granted</u>, 137 S. Ct. 31. Taylor also asks the court to alter or amend its order dismissing Taylor's § 2255 petition in light of the recent decision in <u>United States v. Haynes</u>, 2017 U.S. Dist. LEXIS 21844 (C.D. Ill. Feb. 6, 2017), which addressed whether Hobbs Act robbery can be accomplished without the use of physical force.

As to Taylor's first argument, the court is not persuaded that it should amend its order dismissing Taylor's § 2255 petition because Taylor relied upon the error in the Judgment. Taylor avers that he relied blindly on the assistance of counsel, and that he did not fully understand his charges until he arrived at the Bureau of Prisons. He claims that, once incarcerated, he learned that his convictions were listed in the Judgment. At that time, the Judgment erroneously stated that Taylor was convicted of conspiracy to commit Hobbs Act robbery.

The record, however, is rife with instances in which Taylor was made aware that he was being convicted of the actual robberies—not conspiracy to rob. During the opening statements at the first of his two trials[2] at which Taylor was present, counsel for the government stated, "Folks, Mr. Taylor is charged with two counts of robbery under the Hobbs Act." Trial Tr. 24:9-10, October 22, 2012, Docket No. 69. The government made a similar argument in its opening statements in the second trial. See Trail Tr. 21:15-17, Jan. 23, 2013, Docket No. 159 ("We're here today because the gentleman seated there at counsel table, in the brown suit is charged with two counts of robbery . . . ."). In the second trial, during a witness' testimony, Taylor's counsel objected to a certain line of questions, stating, "My client is charged with two distinct instances, not a conspiracy. . . . The government could have charged him with conspiracy and did not. He is not charged with conspiracy." Id. at 97:16-98:14 (emphasis added). At closing, the government further described Taylor's behavior as a robbery. See Trial Tr. 557:18-21, Jan. 25, 2013, Docket No. 161 ("So you'll have to ask yourself, when he committed these robberies . . . ."). Taylor's own attorney stated to the jury that the firearm counts were "based on the robbery." Id. at 580:1-2 (emphasis added). At sentencing, the court recounted that Taylor was convicted on three counts by a jury, including "Count One, interference with commerce by threats or violence, Hobbs Act robbery." Sent. Tr. 3:10-11, April 23, 2014, Docket No. 162; see also id. 72:23-25 (admonishing the defendant for being "very deeply involved" in the robberies).

Additionally, Taylor's own pro se submissions to this court indicate an understanding that he was convicted of Hobbs Act robbery. After sentencing, Taylor appealed his convictions.

---

[2] The first trial resulted in a hung jury. See Docket Nos. 54, 55.

Both the Fourth Circuit and the Supreme Court of the United States identified Taylor as being convicted of Hobbs Act robbery. See Taylor v. United States, 136 S. Ct. 2074, 2078 (2016) ("Taylor was convicted of two counts of Hobbs Act robbery"); United States v. Taylor, 754 F.3d 217, 220 (4th Cir. 2014) ("Taylor appeals his convictions for two counts of Hobbs Act robbery."). After disposition of his appeal, Taylor submitted a petition for relief, which the court construed as a conditional § 2255 petition. See Order, July 17, 2014, Docket No. 167.[3] Notably, in this submission, Taylor mentions his indictment and conviction of Hobbs Act robbery. Id. at 2-4. Not once does the word "conspiracy" appear, despite the fact that the erroneous judgment was entered several months prior to Taylor's initial § 2255 submission. Finally, Taylor's most recent motion to amend his motion for reconsideration addresses only Hobbs Act robbery—not conspiracy to commit Hobbs Act robbery. Docket No. 228.

Taylor also had the occasion to argue that Hobbs Act robbery is not a predicate crime of violence. In support of its motion to dismiss, the government asserted that "Taylor was indicted . . . and charged with two counts of Hobbs Act robbery." Br. in Supp. of Mot. to Dismiss 1, Docket No. 215. The government did not address any argument related to conspiracy to commit Hobbs Act robbery. In responding to the government's motion to dismiss, Taylor had the opportunity to counter the government's arguments and was again put on notice of the nature of his convictions.

Therefore, given these statements made in open court, Taylor's own assertions in his filings with this court, and the government's arguments in its motion to dismiss, the court

---

[3] Taylor did not respond to the conditional filing order entered, and the court denied the petition and dismissed his initial § 2255 action without prejudice. See Mem. Op., Docket No. 168.

concludes that the relief Taylor seeks is not warranted. See Fed. R. Civ. P. 59(e). The record clearly reflects the numerous instances in which Taylor's charges were described as Hobbs Act robbery, and Taylor's own submissions indicate his understanding of these convictions. As such, the court finds no manifest injustice in failing to amend its order dismissing Taylor's § 2255 petition.

Similarly, the court will not amend or alter its judgment simply because it did not warn Taylor about this error in judgment prior to granting the government's motion to dismiss. As discussed, Taylor's own submissions to the court indicate his understanding that he was convicted of Hobbs Act robbery. See Br. in Supp. of Mot. for Post-Conviction Relief 2, Docket No. 166 ("Petitioner was named in a 4 Count superseding indictment that charged him with two counts of robbery in violation of the Hobbs Act."). To the extent Taylor argues that he would have raised different issues had he not relied on the error in the Judgment, Taylor could have raised other arguments in this § 2255 petition, including the ineffective assistance of counsel assertion he made in the submission the court construed as a conditional § 2255. Nothing in § 2255 limits a petitioner's right to request relief on the basis of one issue. Therefore, the court finds that utilizing the "extraordinary remedy" of reconsideration is not appropriate when the litigant simply failed to include every argument he had. See Mayfield, 674 F.3d at 378.

Next, Taylor contends that the court should have applied the reasoning in Dean v. United States, 137 S. Ct. 1170 (2017), to his case. In Dean, which was decided after Taylor submitted his § 2255 petition, the Supreme Court of the United States held that a district court is not prohibited from considering the impact of the mandatory minimum sentence required under 18

U.S.C. § 924(c) in determining the appropriate sentence for the predicate offense. See id. at 1176 ("Nothing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count."). This argument appears to be a "free-standing allegation of constitutional error in the underlying criminal judgment." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). As such, the court construes this portion of Taylor's Rule 59(e) motion as a second habeas petition. See id. at 203 (noting the long-standing practice of "classifying pro se pleadings from prisoners according to their contents, without regard to their captions").

Section 2255 bars successive applications unless they contain claims relying on

(1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "[A] prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." Winestock, 340 F.3d at 205. Taylor has not demonstrated that he has received this certification. Therefore, the court lacks jurisdiction to consider this argument. See Winestock, 340 F.3d at 205 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Even if there were no such certification requirement, Dean does not apply retroactively to § 2255 proceedings under the criteria set forth in Teague v. Lane, 489 U.S. 288, 311-26 (1989). See United States v. Adams, 7:06CR22, 2017 U.S. Dist. LEXIS 101682, at *3 (W.D. Va. July

7

29, 2017) (Urbanski, J.); see also United States v. Miller, 1:07CR44, 2017 U.S. Dist. LEXIS 107460, at *3 (W.D. Va. July 12, 2017) (Jones, J.) ("[Defendant] has not shown that Dean recognizes a new right and that it applies retroactively to cases on collateral review."); In re Dockery, --- F.3d ---, 2017 U.S. App. LEXIS 13233, at *2 (5th Cir. July 20, 2017) (denying certification because the defendant had not made a prima facie showing that Dean announced a new rule of constitutional law that was made retroactive to cases on collateral review). Taylor's convictions became final prior to the Supreme Court's decision in Dean v. United States. Therefore, Dean is inapplicable to Taylor's § 2255 proceedings.

Nor will the court grant relief because of the reasoning in Haynes. Again, such an argument is successive and requires certification from the Fourth Circuit. See Winestock, 340 F.3d at 205. Furthermore, Haynes is not helpful to Taylor. In Haynes, the Court discussed the possibility of a Hobbs Act robbery being committed without the use of physical force. 2017 U.S. Dist. LEXIS 21844, at *17-21. Nevertheless, the Court concluded that the defendant's "three convictions under 18 U.S.C. § 924(c)(3) based directly upon Hobbs Act robbery as the predicate 'crime of violence' . . . remain valid" given the Seventh Circuit's holding in United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017) (holding that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)). Therefore, Haynes does not provide support for Taylor's position.

Finally, Taylor asks the court to vacate its order dismissing Taylor's § 2255 and stay any further proceedings until the Fourth Circuits decides United States v. Ali. "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124,

127 (4th Cir. 1983). "[H]abeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Yong v. I.N.S., 208 F.3d 1116, 120-21 (9th Cir. 2000). Moreover, the party seeking a stay is required to "make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else." Landis v. North American Co., 299 U.S. 248, 254 (1936).

In the instant case, the court is not persuaded that Taylor has presented "clear and convincing circumstances" justifying a stay. Taylor has not presented any argument that the pending appellate case will be decided in his favor. Instead, a growing "chorus" of federal district courts and appellate courts have held that Hobbs Act robbery is a predicate crime of violence under the force clause of § 924(c). See e.g., United States v. Clarke, 171 F. Supp. 3d 449, 452-57 (D. Md. 2016) ("[T]his Court joins in the rising chorus and declares that Hobbs Act robbery is a crime of violence within the meaning of the Force Clause."); Brown v. United States, 163 F. Supp. 3d 315, 316 (E.D. Va. 2016) ("This court has consistently found that Hobbs Act robbery is a 'crime of violence' under the force clause.") (collecting cases from the Eastern District); see also Diaz v. United States, --- F.3d ---, 2017 U.S. App. LEXIS 12279 (8th Cir. 2017); United States v. Anglin, 846 F.3d 954 (7th Cir. 2017); United States v. Hill 832 F.3d 135, (2d Cir. 2016). The court will not alter its holding that Taylor's conviction for Hobbs Act robbery satisfied the force clause of § 924(c).

Furthermore, the Fourth Circuit is holding its decision in United States v. Ali in abeyance until the Supreme Court renders in a decision in Dimaya v. Sessions. In that case, the narrow

issue is whether the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) applies to the residual clause, not the force clause, of the "crime of violence" definition of 18 U.S.C. § 16(b). Section § 16(b) has virtually identical language to the residual clause of § 924(c)(3). As discussed in its memorandum opinion granting the government's motion to dismiss, Taylor's conviction qualifies as a crime of violence under the force clause of § 924(c)(3). Taylor, 2017 U.S. Dist. LEXIS 110132, at *13. The court never reached the merits of Taylor's residual clause claim. Therefore, even if the Supreme Court extends the rule in Johnson to 18 U.S.C. §§ 16(b) and 924(c)(3)(B), such extension would have no bearing on Taylor's conviction. Additionally, while the Supreme Court's decision in Dimaya was anticipated to be issued in June 2017, resolution of that case has been delayed until June 2018. See United States v. Gaspar-Samano, No. 10CR3510, 2017 U.S. Dist. LEXIS 116324, at *7-8 (S.D. Cal. July 24, 2017) (lifting a stay because of the delay in Dimaya and denying defendant's § 2255 petition). Accordingly, the court will deny Taylor's amended motion for reconsideration, including the incorporated request for a stay of his § 2255 proceedings.

**Conclusion**

For the reasons stated, Taylor's amended motion for reconsideration will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Taylor and all counsel of record.

ENTER: This _4th_ day of August, 2017.

_____
United States District Judge